

ENTERED
11/19/2019

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 17-31640 |
| SOLIDARITY CONTRACTING, LLC | § | CHAPTER  7 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

### MEMORANDUM OPINION
**(Docket No. 71)**

David Hamilton ("Hamilton"), Solidarity Group, LLC ("Solidarity Group") and Solidarity Investments, LLC ("Solidarity Investments") object to the proof of claim filed by Houston International Hospitality, LLC ("HIH") in this case. After considering the evidence, the briefs and the arguments of counsel, the Court sustains the objection as set forth below.

### Relevant Background

Solidarity Contracting, LLC ("Solidarity") filed a chapter 7 case on March 16, 2017 [Docket No. 1]. Eva Engelhart was appointed as the chapter 7 trustee in the case (the "Trustee").

After completing her statutory investigation, the Trustee initiated litigation against HIH and International Hospitality Investments, LLC ("IHI" and collectively with HIH, the "Hospitality Defendants") to recover as fraudulent transfers two parcels of real property transferred from the Debtor for no consideration [Adversary No. 18-3006, Docket No. 1]. The Trustee also initiated litigation against Umit Pecen ("Pecen"), Trinh Dang La ("La") and others asserting multiple claims, including claims for breach of fiduciary duty [Adversary No. 18-3200, Docket No. 1].

By written agreement entered into as of March 12, 2019 (the "Settlement Agreement"), the Trustee settled the bankruptcy estate's claims against the Hospitality Defendants, Pecen, La, Trinh La Fee Attorney, LLC (the "La Firm") and several related parties [Docket No. 54-1]. Under the settlement, the Trustee was to receive a cash payment of $2,200,000 in exchange for (i) an assignment of certain estate claims against Hamilton and his affiliates; and (ii) global releases from the bankruptcy estate [Docket No. 54-1]. The cash payment could be reduced to $1,750,000 if paid by June 11, 2019 [Docket No. 54-1].

Paragraph 13 of the Settlement Agreement provided as follows:

> 13.   **Allowed Unsecured Claim against Debtor.**  The Trustee agrees that the [*sic*] either [*sic*] the Hospitality Defendants may file a tardy general unsecured claim in the amount of $1,750,000 in the Bankruptcy Case (the "Defendants Unsecured Claim"). The Defendants Unsecured Claim will be subordinated to timely filed

and allowed unsecured claims pursuant to the priority scheme in 11 U.S.C. §726(a)(3).

On March 15, 2019, the Trustee filed her emergency motion to approve the Settlement Agreement [Docket No. 54]. Believing no objections existed, the Court approved the motion by Order entered March 18, 2019 [Docket No. 56].

Hamilton filed an objection to the Trustee's proposed settlement on March 19, 2019 [Docket No. 57]. In his objection, Hamilton challenged, among other concerns, the basis for the allowance of any claim in favor of the Hospitality Defendants [Docket No. 57].

After reviewing Hamilton's objection, the Court vacated its prior order approving the settlement [Docket No. 58]. On March 20, 2019, the Court conducted an evidentiary hearing to consider the Trustee's proposed settlement. During the hearing, the Trustee testified that she intended to allow a tardy unsecured claim in favor of the Hospitality Defendants [*Transcript*, Docket No. 73]. She later testified, however, that if new information came to light, she might object to any proof of claim that the Hospitality Defendants filed [*Transcript*, Docket No. 73]. However confusing the Trustee's testimony, no one disputed that Hamilton's right to object to any proof of claim filed by HIH was unaffected by the proposed settlement [*Transcript,* Docket No. 73].

By Order entered March 28, 2019, the Court approved the compromise [Docket No. 63]. The Trustee subsequently received $1,750,000 in accordance with the Settlement Agreement.

On May 16, 2019, HIH filed a proof of claim asserting a general unsecured claim in the amount of $1,750,000 [Claim 12-1]. In response to Question 8 on the Official Form 410 – **Proof of Claim**, HIH responded as follows:

> 8. What is the basis of the claim? <u>Amounts owed per settlement agreement.</u>

[Claim 12-1]. The proof of claim was signed by Pecen in his capacity as manager of HIH. Attached to the proof of claim is a copy of the Settlement Agreement.

On May 31, 2019, Hamilton, Solidarity Group and Solidarity Investments (the "Objecting Parties") objected to HIH's proof of claim asserting that nothing in the Settlement Agreement established the entitlement to an allowed claim—only that a proof of claim could be filed. With no supporting documentation, the Objecting Parties asserted that the proof of claim was not entitled to *prima facie* validity and should be summarily disallowed [Docket No. 72]. An amended objection containing non-substantive modifications was filed on June 1, 2019 [Docket No. 73].

HIH filed its response to the objection on June 20, 2019 [Docket No. 90]. Notably, although the response contains HIH's view of the history between the parties, it did not address the substance of Hamilton's objection [Docket No. 90]. On August 23, 2019, HIH filed an amended response asserting that its claim was allowable under 11 U.S.C. § 502(h) [Docket No. 118].

2 / 5

The Court conducted an evidentiary hearing on the objection on August 26, 2019. The testimony adduced by HIH provided no basis for the allowance of a claim in this case. In an extended colloquy with the Court, counsel for HIH demonstrated that the goal of the testimony was to litigate the very issues that were covered by the Settlement Agreement. During closing arguments, counsel for HIH asserted (i) the Settlement Agreement provided for the allowance of a claim for $1,750,000; and (ii) if not, HIH was entitled to a claim under 11 U.S.C. § 502(h) for the amount paid to the Trustee. In response, counsel for the Objecting Parties asserted that (i) because nothing was paid for the original transfer of the properties, no claim was allowable under 11 U.S.C. § 502(h); and (ii) if a claim was allowable under 11 U.S.C. § 502(h), it was late pursuant to Bankruptcy Rule 3002(c)(3) and must therefore be disallowed.

Post-hearing briefs were timely submitted by the parties [Docket Nos. 124, 125, 127 and 128].

## **Analysis**

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This contested matter is a core proceeding arising under title 11 pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). The Court has constitutional authority to enter a final order in this contested matter. *Stern v. Marshall*, 564 U.S. 462 (2011). To the extent necessary, the parties have consented to the entry of a final order by the Court. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015).

The first argument advanced by HIH in support of its claim is that the Settlement Agreement provided for an allowed claim. As discussed above, the Trustee′s testimony on this issue was confusing. The explicit language of paragraph 13 of the Settlement Agreement, however, provided only that HIH could file a proof of claim. If the intent of the Settlement Agreement was to have the Court allow a claim in favor of the Hospitality Defendants, a proof of claim would not have been necessary. The Court interprets paragraph 13 to permit HIH to file a proof of claim to which the Trustee would not object. This interpretation is consistent with the statement by Trustee's counsel that the settlement did not prevent other creditors from objecting to any proof of claim filed by HIH—a statement that HIH did not contest. The Court finds that the Settlement Agreement did not create or allow a claim in favor of HIH.

HIH's second argument is that it is entitled to a claim under 11 U.S.C. § 502(h) for the $1,750,000 paid to the Trustee under the Settlement Agreement.[1] Section 502(h) of the Bankruptcy Code provides that:

> [a] claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c)

---

[1] The parties assume that the entirety of the $1,750,000 was allocated to the Trustee's fraudulent transfer claims. As releases were given by the Trustee to multiple parties for numerous claims including breach of fiduciary duty, etc., the Court wonders what consideration was given in exchange for the release of these claims?

3 / 5

> of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C. § 502(h).  Section 502(h) does not create an independent claim.  Rather, § 502(h) provides that the recipient of a fraudulent transfer is entitled to an allowed claim *that arises from* the recovery of property under § 550.  The underlying principle is the equitable notion that the parties should be returned to the *status quo* just prior to the fraudulent transfer.  *In re Best Prods. Co.,* 168 B.R. 35, 57–58 (Bankr. S.D.N.Y. 1994), *appeal dismissed*, 177 B.R. 791 (S.D.N.Y. 1995), aff*'d*, 68 F.3d 26 (2d Cir. 1995) (quoting 1 GERARD GLENN, FRAUDULENT CONVEYANCES & PREFERENCES § 260a, at 446–47 (1940)); *See also Gowan v. HSBC Mort. Corp. (In re Dreier LLP)*, Adversary No. 10-5456, 2012 WL 4867376, at *3 (Bankr. S.D.N.Y. Oct. 12, 2012).  A simple example is illustrative.  Prior to filing a bankruptcy case, a debtor owes a creditor $100.  During the 90-day period preceding the bankruptcy case, the debtor pays $25 to the creditor.  If the $25 payment is recovered as a preferential transfer, § 502(h) would restore the creditor to its original position just prior to the avoided transfer by allowing the creditor a pre-petition claim for $25 in addition to its unpaid debt of $75 for a total unpaid claim of $100.

To be clear, the focus of this analysis is not on the value of the property recovered; rather the focus is on the consideration paid by the transferee for the property that is returned to the bankruptcy estate.  By way of further example, if the recipient of a fraudulent transfer paid $10 for property worth $1,000, the recovery of the property by the bankruptcy estate under § 550 would result in a claim under § 502(h) of only $10.  *See Gowan v. HSBC Mort. Corp. (In re Dreier LLP)*, Adversary No. 10-5456, 2012 WL 4867376, at *3 (Bankr. S.D.N.Y. Oct. 12, 2012); *Tronox Inc. v. Kerr McGee Corp. (In re Tronox Inc.)*, 503 B.R. 239 (Bankr. S.D.N.Y. 2013).

In this case, the manager of HIH testified that nothing was paid for the properties that were the subject of the fraudulent transfer litigation.  As such, "there is nothing to reinstate, and the return of the fraudulently transferred . . . [property] does not give rise to an allowable claim." *Gowan v. HSBC Mort. Corp. (In re Dreier LLP)*, Adversary No. 10-5456, 2012 WL 4867376, at *3 (Bankr. S.D.N.Y. Oct. 12, 2012); *Francois Freres USA, Inc. v. Weiss (In re Walldesign, Inc.)*, BAP No. CC-17-1290-KuFS, 2018 WL 3653877, at *4-5 (BAP 9th Cir. August 2, 2018).  Such a result is logical.  Otherwise, a thief would be rewarded for thievery and a dishonest debtor could obtain a discharge while enjoying the value of its property through enterprising pre-bankruptcy transfers to friends and family members.  HIH is not entitled to a claim under 11 U.S.C. § 502(h).

To the extent that HIH attempts to assert a breach of contract or other claim, the Court summarily disallows such claims as they were released under the Settlement Agreement. Moreover, as the Court finds that HIH is not entitled to a claim under § 502(h), the Court need not address the (i) timeliness issue under Bankruptcy Rule 3002(c)(3); or (ii) the failure to attach documentation to the proof of claim evidencing the claim raised by the Objecting Parties.

The proof of claim filed by HIH is disallowed under 11 U.S.C. 502(b)(1).  A separate order will issue.

**SIGNED: November 19, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**